# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TYLER DARNELL JOHNSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11-CV-1870-CEJ |
| | ) |
| STEVE LARKINS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiffs' second amended complaint [Doc. #9]. The Court notes that plaintiff Kory Clay has failed to sign the second amended complaint,[1] and it was not filed on a court-provided form.[2] Because plaintiffs are proceeding pro se, the Court will allow them time to file a third amended complaint. In the third amended complaint, plaintiffs shall complete in its entirety the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983. Specifically, in the "Caption" of the form complaint, plaintiffs shall set forth the name of each

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure requires that each pleading, written motion, and other paper be signed by an attorney of record or, if the party is not represented by an attorney, by the party.

[2] This Court's Local Rule 2.06(A) states, "All actions brought by pro se plaintiffs or petitioners should be filed on court-provided forms. If an action is not filed on a court-provided form, the Court . . . may order the pro se plaintiff or petitioner to file the action on a court-provided form."

defendant they wish to sue; and in the "Statement of Claim," plaintiffs shall start by typing the first defendant's name, and under that name, they shall set forth in separate numbered paragraphs the allegations supporting their claim(s) as to that particular defendant, as well as the right(s) that they claim that particular defendant violated. Plaintiffs shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that they claim that particular defendant violated. The third amended complaint must contain short and plain statements showing that plaintiffs are entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiffs need more space, they may attach additional sheets of paper to the third amended complaint and identify them as part of the "Caption" or "Statement of Claim." Both plaintiffs must sign the third amended complaint.

     Because the Court is allowing plaintiffs to amend their complaint, it will take no action as to the named defendants at this time. Plaintiffs are advised that their third amended complaint will replace all previously-filed complaints and will be the only complaint this Court reviews. The Court will not consider any claims that are not included in the third amended complaint, even if they were asserted in the earlier

complaints.

Finally, plaintiff Kory Clay has submitted a motion to proceed in forma pauperis but he has not provided the Court a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint. See 28 U.S.C. § 1915(b). As such, the Court will order him to submit a certified copy of his prison account statement.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, in addition to a copy of this Order, the Clerk shall mail plaintiffs a copy of the Court's form for prisoners to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiffs shall have until **February 27, 2012** to file a third amended complaint that complies with this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff Kory Clay shall have until **February 27, 2012** to submit to the Court a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint.

**IT IS FURTHER ORDERED** that if either plaintiff fails to comply with this Order, the Court will dismiss this action without prior notice to that plaintiff. If the case is dismissed for non-compliance with this Order, the dismissal will not constitute

a "strike" under 28 U.S.C. § 1915(g).

Dated this 2nd day of February, 2012.

_____
**UNITED STATES DISTRICT JUDGE**